UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Guofang Dou, individually and on behalf all other employees similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>KEVIN LU, INC. d/b/a Jade Garden Chinese Restaurant, and Jin Wu Lu,<br><br>        Defendants | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Guofang Duo ("Plaintiff") on his own behalf and on behalf of all others similarly situated hereby files this complaint against the Defendants KEVIN LU, INC. d/b/a Jade Garden Chinese Restaurant, and Jin Wu Lu (collectively "Defendants") and alleges the following:

**INTRODUCTION**

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Massachusetts Wage Act, Mass. Gen. L. c. 149, §§ 148, 150 ("Wage Act"), and the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, §§ 1A-1B ("MFWA") (collectively, "Massachusetts State Law"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, and the Massachusetts State Law by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek, and failing to pay compensation in a statutorily timely manner.

3. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to Massachusetts State Law that he is entitled to recover from Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) nonpayment of wages earned in a timely manner, (4) liquidated damages, and (5) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has diversity jurisdiction and supplemental jurisdiction over the Massachusetts State Law claims pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1367(a).

6. The parties are diverse and the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs.

7. At least one member of the proposed collective, namely Plaintiff Guofang Dou, is a citizen of a state different from that of at least one defendant.

8. Plaintiff's claims involve matters of national or interstate interest under FLSA.

9. This court has personal jurisdiction over Defendants because Corporate Defendant, KEVIN LU INC., is a business entity incorporated in and has its principal place of business in Massachusetts.

10. Venue is proper in the District Court of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this district, and the acts and omissions giving rise to the claims herein alleged took place in this district.

**PLAINTIFF**

11.     Plaintiff Guofang Dou is a resident of New York and was employed as a frying cook by KEVIN LU INC. d/b/a Jade Garden Chinese Restaurant, located at 113 Main Street, Upton, MA 01568 from July 28, 2016 to September 5, 2023.

**DEFENDANTS**

12.     Upon information and belief, Corporate Defendant, KEVIN LU INC. owns and operates a Chinese restaurant named Jade Garden Chinese Restaurant[1] located at 113 Main Street, Upton, MA 01568, which provides both dine-in and take-out services.

13.     Upon information and belief, Defendant, KEVIN LU INC. d/b/a Jade Garden Chinese Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, KEVIN LU INC. purchased and handled goods moved in interstate commerce.

14.     Upon information and belief, Defendant Jin Wu Lu is the owner, officer, registered director, managing agent, registered secretary, and registered treasurer of KEVIN LU INC. at 113 Main Street, Upton, MA 01568, and participated in the day-to-day operations of Jade Garden Chinese Restaurant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, Mass. Gen. L. c. 149, § 148 and the regulations thereunder, and is jointly and severally liable with KEVIN LU INC. (See Exhibit 2).

---

[1] "Welcome Come [sic] to Jade Garden, Where we serve you the most delicious Chinese [sic] at 113 Main St, Upton, MA 01568. We are Upton the most popular Chinese [sic]. You can place an order directly, Or you can call our ordering phone (508) 529-6288. We are looking forward to your visit." About Us, Jade Garden, https://jadegarden.menuxy.com/ (last visited October 3, 2023)

15.     Upon information and belief, Defendant Jin Wu Lu owns the stock of KEVIN LU INC. and manages and makes all business decisions including but not limited to hiring and firing employees, as exhibited by him personally hiring and firing Plaintiff, the amount of salary the employees receive and the number of hours the employees work.

16.     At all times relevant herein, KEVIN LU INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by KEVIN LU INC.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages and overtime compensation and failed to pay Plaintiff in a statutorily timely manner.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19.     Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 §150, Plaintiff filed state law statutory claims with the Office of the Attorney General on September 13, 2023. Plaintiff received authorization from the Office of the Attorney General to proceed on these claims on behalf of himself and others similarly situated by letter dated September 14, 2023. (See Exhibit 1).

20.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

21.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants knew that the nonpayment of minimum wage, overtime pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

23. From on or around July 28, 2016 to on or around September 5, 2023, Plaintiff worked as a frying cook for Defendants' restaurant located at 113 Main Street, Upton, MA 01568. His job duties, besides that of a frying cook, also include side works such as floor sweeping, stocking, shelfing, manually moving supplies, operating butchering machinery to piece meat, washing dishes, and cleaning kitchen equipment and facilities.

24. From on or around July 28, 2016 to around April 2020, Plaintiff worked Six (6) days a week with Mondays off. Specifically, he worked from around 10:00 am to 10:30 pm without a break each day for about Twelve and a Half (12.5) hours per day. As a result, Plaintiff worked about Seventy-Five (75) hours a week during this period for about four years.

25. In April, 2020, Jade Garden Chinese Restaurant was closed for Sixteen (16) days, due to COVID shutdown.

26. From on or around April 2020 to on or around September 5, 2023, Plaintiff worked Six (6) days a week with Sundays off. Specifically, he worked from around 9:30 am to 9:30 pm without a break each day for about Twelve (12) hours per day. As a result, Plaintiff worked about Seventy-Two (72) hours a week during this period for about three years.

27. Throughout his employment, Plaintiff was paid by fixed monthly cash rate regardless of the actual hours he worked. When Plaintiff started with Defendants in July 2016, he was paid $2000 per month. His wage increased several times throughout his employment, each time by One Hundred Dollars ($100) per month. In August 2017, his wage reached $2500 per month. In September 2018, his wage reached $2700 per month. In September 2019, his wage

reached $3000 per month. When Plaintiff left his employment with Defendants in September 2023, he was paid $3100 per month.

28. Plaintiff started to make complaints to Defendants about the low wages and constant uncompensated overtime work at his employment with Defendants. However, Defendant Jin Wu Lu ignored the complaints. Defendants also engaged in long and frequent delays in wage payments to Plaintiff, resulting in the fact that throughout Plaintiff's employment with Defendants, he was constantly owed several months of wage unpaid while working.

29. On September 5, 2023, Plaintiff left his employment with Defendants due to the constant underpayment and delayed payments. At the time Plaintiff terminated his employment with Defendants, he was still owed missed payment of wages of about $12,750.

30. When Defendants did pay any wages to Plaintiff, they did not compensate Plaintiff for minimum wage or overtime compensation as required by state and federal laws.

31. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of July 28, 2016 through December 31, 2016 was $10.00 per hour.

32. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2017 to December 31, 2018 was $11.00 per hour.

33. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2019 to December 31, 2019 was $12.00 per hour.

34. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2020 to December 31, 2020 was $12.75 per hour.

35. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2021 to December 31, 2021 was $13.50 per hour.

36. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2022 to December 31, 2022 was $14.25 per hour.

37. The applicable prevailing minimum wage pursuant to Mass. Gen. L. c. 151 § 1 for the period of January 1, 2023 to December 31, 2023 was $15.00 per hour.

38. Defendants did not have any timekeeping system to properly record Plaintiff's hours worked, and they did not require Plaintiff to record his hours worked.

39. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

40. Defendants knew that the nonpayment of minimum wage and overtime premium would economically injure Plaintiff and the Class Members by violating federal and state laws.

41. While employed by Defendants, Plaintiff was not exempt from federal and state laws requiring employers to pay employees overtime.

42. Plaintiff and the Potential Class Members' workdays frequently lasted longer than 10 hours.

43. Defendants failed to keep full and accurate records of Plaintiff's and the Potential Class Members' hours and wages.

44. Defendants failed to pay Plaintiff and the potential Class Members in a statutorily timely manner.

45. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Potential Class.

**COLLECTIVE ACTION ALLEGATIONS**

46. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and

one-half), or the Massachusetts State overtime rate (of time and one-half), in violation of the FLSA and Massachusetts State Law and the supporting federal and Massachusetts State Department of Labor Regulations.

47. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who: have been or were employed by the Defendants at Jade Garden Chinese Restaurant during the three (3) years prior to the filing of this action, through entry of judgment in this case (the "Collective Action Period"); and failed to receive minimum wages, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members") in contravention of federal and state labor laws.

48. Upon information and belief, the Collective Action Members are so numerous that the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, or access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

49. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

50. This action should be certified as a collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not party to the adjudication, or would subsequently impair or impede their ability to protect their interests.

51. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

52. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

    c. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

  d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

  53. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

  54. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of Massachusetts Minimum Wage Law]

  55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

  56. At all relevant times, plaintiff was employed by Defendants within the meaning of Mass. Gen. L. c. 149 § 148.

  57. Pursuant to Mass. Gen. L. c. 151 § 1, it is "declared to be against public policy for any employer to employ any person in an occupation in this commonwealth at an oppressive and unreasonable wage… and any contract, agreement or understanding for or in relation to such employment shall be null and void." *Id.* The same section defined and updated that any wage below the set amount for its corresponding year "shall conclusively be presumed to be oppressive and unreasonable." The set amounts for an "oppressive and unreasonable wage" presumption by Mass. Gen. L. c. 151 § 1, as amended in 2006, 2014, and 2013, during the relevant times are listed as follows:

   a. effective until January 1, 2017, $10.00;

    b.  effective until January 1, 2019, $11.00;

    c.  effective until January 1, 2020, $12.00;

    d.  effective until January 1, 2022, $13.5;

    e.  effective until January 1, 2023, $14.25;

    f.  effective from January 1, 2023, $15.0.

58. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for treble liquidated damages to the total of such under-payments found to be due the employee, as well as the costs of the litigation and reasonable attorneys' fees. Mass. Gen. L. c. 151 § 20.

59. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay Plaintiff and Class Members minimum prevailing wages as set above for all hours worked.

60. Pursuant to Mass. Gen. L. c. 151 § 20, Defendants shall be liable, in addition to the amount of any underpayment of overtime, for treble liquidated damages to the total of such under-payments found to be due the employee, as well as costs and reasonable attorney's fees.

**COUNT II**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

63. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

64. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

65. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

66. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

67. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

68. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

69. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

70. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT III
**[Violation of Massachusetts Labor Law— Untimely Payment Of Wages Earned]**

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The Massachusetts Wage Act requires prompt and full payment of wages due. Specifically: "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week . . . ." Mass. Gen. L. ch. 149, § 148. Employees aggrieved under the Wage Act may bring a civil action, *id.* at § 150, and employers may not escape liability through "special contract[s] with an employee," *id.* at § 148.

74. Defendants knowingly and willfully paid Plaintiff monthly at the beginning of each month.

75. Defendants further knowingly and willfully practiced habitual delay and nonpayment of Plaintiff's wage payments, accumulating in total $12,750 of missed payment at the end of Plaintiff's employment, still unpaid.

76. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay Plaintiff and Class Members their wages earned in a timely manner required by statute, which demands payment to employees weekly or biweekly as relevant to the work week.

77. Pursuant to Mass. Gen. L. c. 149 § 150, Defendants shall be liable for treble liquidated damages to the total of any lost wages and other benefits of the employee, as well as costs and reasonable attorney's fees.

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his

counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and Massachusetts State Law;

e)      An injunction against KEVIN LU INC., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the Massachusetts State Law, plus compensatory and treble liquidated damages under Massachusetts State Law, and interest;

g)      An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA, and interest;

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to Massachusetts State Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and Mass. Gen. L. c. 149 § 150;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of

himself and the Collective Action Members, demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 7, 2023

BOSTON EMPLOYMENT LAW, PC

/s/ Howard M. Brown
Howard M. Brown
BBO#547948
202 Washington Street, Suite 128
Brookline MA 02445
(617) 566-8090
hmb@bostonemploymentlaw.com

**HANG & ASSOCIATES, PLLC**

/s/  *Jian Hang*
Jian Hang, Esq.
   (*pro hac vice* application forthcoming)
136-20 38th Ave., Suite 10G
Flushing, NY 11354
718-353-8588
jhang@hanglaw.com
*Attorneys for Plaintiff*